Opinion of the Court, by
Ch. J. Boyle.
THIS was an action of covenant. In his declaration the plaintiff, in substance, alleges that it was mutually agreed by and between him and the defendant, by their deed bearing date the 28th of December 1811, to lease out the place where Robert Wilson then lived, and had lived for three years then past, and to divide equally between them the rent which might be recovered of Wilson, and the rent which might thereafter accrue, until the suit between Benjamin Summers and Edward Rogers, &c. was settled; and the rent was not to be refunded, let the suit be determined as it might, and he avers that the said suit is still depending. The plaintiff further alleges, that it was by said deed stipulated, that if the defendant wished to live on said place, and to give the plaintiff half the ground, and not rent it himself, he, the plaintiff, would take it; and the plaintiff avers, the defendant, at the date of the covenant, elected to rent and live on the place, and did then and there take possession of the same, and has used, occupied and enjoyed the full and entire possession of the whole of said place, from the date of said covenant until the commencement of this suit, and refused to let the plaintiff use, occupy or rent one half of the said land, whereby the defendant became liable and bound to pay and account to and with the plaintiff for one half of the rent of said place; and the plaintiff avers that the place was worth $100 per year; nevertheless the defendant has failed and refused to pay said rent, or any part thereof, to the damage of the plaintiff, &c.
The defendant demurred to the declaration, and on the demurrer the circuit court gave judgment for the defendant, from which the plaintiff has appealed to this court.
The declaration is obviously founded upon the supposition that the stipulation, “ that if the defendant wished to live on said place, and give the plaintiff one half the ground, and not rent it himself, he, the plaintiff *330 would take it,” amounted to a covenant on the part of the defendant, that if he wished to live on the place, he would permit the plaintiff to enjoy one half of it; and it was manifestly the object of the framer of the declaration to go for a breach of that supposed covenant. But we do not understand that stipulation to be a covenant on the part of the defendant. The only covenant on his part, is, jointly with the plaintiff, to lease out the place, and to divide equally between them the rent which might be recovered of Wilson, and the rent which should thereafter accrue; and the subsequent stipulation is plainly an agreement on the part of the plaintiff, that he would, upon the conditions therein mentioned, take one half of the place, instead of requiring a performance of the covenant to lease the place. The plaintiff, therefore, could not be entitled to recover of the defendant for his failure to comply with conditions which he has not covenanted to perform. The plaintiff, however, we think, has alleged sufficient to show a breach of the covenant on the part of the defendant, to lease out the place and divide the rent; for if, as the plaintiff alleges, the defendant, at the date of the contract, took possession of the place, and has continued to enjoy the whole of it ever since, and refused to permit the plaintiff to rent out or enjoy one half of it, he has not only failed to comply with the conditions upon which the plaintiff stipulated to excuse him from the performance of the covenant to lease out the place, but he has put it out of his power to perform that covenant; and it is an established principle, that he who voluntarily puts it out of his power to perform his covenant, has broken it. The declaration has, therefore, alleged sufficient matter to entitle the plaintiff to recover.
The judgment must be reversed with costs, and the cause be remanded, for further proceedings to be had, not inconsistent with this opinion.